# Troy Fertilizer Co. v. Zachry.

*Action on a Promissory Note.*

1. *Husband and wife; married woman not estopped to deny husband's authority to make binding contract though he acted as her agent.*—A married woman who carries on a mercantile business by her husband, as agent, is not estopped to deny her husband's authority to make a binding contract or execute a note for the purchase of goods used in the conduct of the business, and which he signs as agent; and in an

[Troy Fertilizer Co. v. Zachry.]

action upon a note so executed, or for the purchase price of goods so sold, the wife can plead her coverture, and thereby defeat the action, it not being shown that there was a written obligation on the part of the wife, nor the written assent of the husband, or that there was a written consent of the husband recorded, as required by the statute, for her to carry on the business.

2. *Decree; removing disabilities of married woman; invalid when jurisdictional facts not shown.*—A decree in a chancery court, purporting to remove the disabilities of coverture of a married woman, which does not show the jurisdictional facts, such as that she was possessed of a separate estate, that her petition was in writing, the consent of her husband in writing, the proof by deposition as in chancery cases, and which is unaided by any further record, is invalid and insufficient to show that there had been a removal of disabilities of coverture.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. W. FOSTER.

This suit was brought on October 27, 1894, by the appellant, the Troy Fertilizer Company, against the appellee, M. E. Zachry, as administratrix of the estate of M. P. Stephenson, deceased.

The complaint contained two counts. The first count claimed the amount sued for as due on a promissory note, alleged to have been executed by M. P. Stephenson by her duly authorized agent, who was her husband, J. T. Stephenson. The second count was for goods, wares and merchandise sold M. P. Stephenson.

The defendant pleaded the general issue, and by several special pleas set up the fact that her intestate, the said Mary P. Stephenson, was at the time of making and executing the instrument in writing sued on, and thereafter to the time of her death, a married woman, the wife of J. T. Stephenson; that her said husband did not unite with her in signing said instrument, neither did she sign said instrument, nor did her husband, in writing, assent to or concur in her signing said instrument; that her intestate had never been relieved of the disabilities of coverture, so as to enable her to make and execute said instrument; neither had her said husband filed his consent expressed in writing, and had the same recorded in the office of the judge of probate of the county of their residence, and the county in which the business was carried on, that she, the said intestate, might enter into and pursue any lawful trade or business as if she were sole. To these special pleas the

[Troy Fertilizer Co. v. Zachry.]

plaintiff filed the following replications: "1st. That the said M. P. Stephenson, by her conduct, silence and representations, induced plaintiff to believe, that she had constituted her husband, J. T. Stephenson, her duly authorized agent, so as to bind her by the execution of said note; that the said M. P. Stephenson knew whether or not she had so constituted her husband her agent, and that this plaintiff had no actual knowledge whether in fact he was her duly constituted agent or not, but believed that he was her agent, and relied upon and acted upon such belief, based upon said conduct, silence and representations, when it was her duty to inform plaintiff that her husband was not her agent, if in fact he was not, with authority to bind her. That the said M. P. Stephenson knew that her said husband was holding himself out to the world as her duly authorized agent, and was contracting debts in her name, and she did not give any notice that her said husband was not her duly constituted agent, and that the said plaintiff relied upon silence on the part of M. P. Stephenson, and would now be injured if she should be permitted, by her administratrix, to show that she had not, in fact, constituted her husband her agent; wherefore, plaintiff prays that defendant be not permitted to say, that the said J. T. Stephenson was her duly constituted agent to bind her by this note, nor to take advantage of this fact, that said note was not executed by her in person, so as to bind her individually, she being a married woman. 2d. Further replying to said pleas, this plaintiff says, that defendant ought not to have and maintain said defense, for the reason that the said M. P. Stevenson had, prior to the execution of said note, constituted her said husband, J. T. Stephenson, in writing, her agent, with authority to execute said note so as to bind her."

To each of these replications, the plaintiff demurred upon the following grounds: "1st. Said replication does not show that said intestate signed her name to said note, nor authorized, in writing, any other person to sign her name thereto, nor does it show that her husband assented in writing to her signing said note. 2d. The matters and things set out in said replication constitute no answer to the pleas. 3d. The fact that plaintiff had no actual knowledge, whether in fact Stephenson was the duly constituted agent or not of the intestate,

but the plaintiff believed that he was the agent and relied upon and acted upon such belief, based upon such conduct, silence and representations, is not matter of reply to said plea; it sets up wholly immaterial matter. 4th. The conduct, silence and representations set up in said replication constitute no answer to the failure of her to sign said note, either in person or by agent authorized in writing, and to have the assent of the husband thereto expressed in writing. 5th. Said facts set up in said replication do not show that they are such facts as, under the pleas pleaded, they work an estoppel as to said note sued on." The court sustained the demurrer to the plaintiff's first replication, and overruled the demurrer to the second replication; and issue was joined thereon.

It was shown upon the trial of the cause, that on June 13, 1894, there was executed to the plaintiff, the Troy Fertilizer Company, a note for $93.60, payable at a bank in Troy, Alabama, and signed by "J. T. Stephenson, agent;" that this note was given for an amount due the Troy Fertilizer Company by M. P. Stephenson, who was at that time conducting a mercantile business in the city of Troy; that she was the wife of J. T. Stephenson, who was in the actual control and management of her said business, and that the note was given for fertilizer bought by him in the due course of trade, as a part of the business of the said M. P. Stephenson, and was used and consumed in connection therewith.

There was introduced in evidence a decree of the chancery court of Pike county, which was as follows: "*Ex parte* Mary P. Stephenson: In vacation. This cause is submitted for decree in vacation, on the petition and consent of the petitioner's husband, and on consideration, it is ordered, adjudged and decreed that complainant is entitled to relief, and that she be and hereby is relieved of the disabilities of coverture, in so far as to invest her with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued, as a *femme sole*. Let her and her next friend pay the cost of this suit; for which execution may issue." In connection with the introduction of this decree in evidence, the testimony showed that there could not be found in the records and papers of the chancery court of Pike county any other paper or records in said cause, ex-

cept the decree copied above ; nor was there on file any depositions, nor any paper showing the assent of the husband to the rendition of said decree. It was also shown that M. P. Stephenson held out to the public that she was in the mercantile business, and that her husband, J. T. Stephenson, was appointed and empowered to make contracts, purchases, &c., whenever necessary to transact such business ; and that the plaintiff relied ·and acted upon such representation. There was no evidence introduced that she had ever constituted him her agent by writing, or that he had given his written consent to her doing· business.

Upon the introduction of all the evidence, the court, at the request of the defendant, gave the general affirmative charge in her behalf, and to the giving of this charge the plaintiff duly excepted. The plaintiff also excepted to the court's refusal to give the general affirmative charge which was requested by it.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the pleadings and upon the charges asked. .

WORTHY, FOSTER & CARROLL, for appellants.—M. P. Stephenson had been relieved from her disabilities of coverture so as to enable her to make the contract in question, and, therefore, the affirmative charge should not have been given for the defendant. The chancery decree purports to ascertain all the necessary facts to give the court jurisdiction to enter the decree, and when those facts appear to have been ascertained by the court, on collateral attack, they will conclusively be presumed to have existed.—*Pettus v. McClannahan*, 52 Ala. 59 ; *Wyatt v. Rambo*, 29 Ala. 520 ; *Jones v. Ritter*, 56 Ala. 280 ; 12 Amer. & Eng. Encyc. of Law, 274 and notes.

M. P. Stevenson was estopped to deny the authority of her husband to bind her in the contract involved in this suit. Her acts had led others to deal with her husband as her authorized agent ; and even though orally appointed, she cannot deny his authority to make a contract which was induced by such representation.—*Hood v. Robbins*, 98 Ala. 484 ; *Lazarus v. Shearer*, 2 Ala. 718 ; 14 Amer. & Eng. Encyc. of Law, 643, *et seq*.

HUBBARD & HUBBARD and WILKERSON & WILKERSON, *contra.*—The decree which purported to relieve M. P. Stephenson of the disabilities of coverture was invalid. But, even if the chancery decree relieved the disabilities, the act of 1887, superseded the authority conferred, and made Mrs. Stephenson's rights to control and bind herself depend upon that act, which, in order to make obligatory a note, requires that she sign it and her husband give his written assent or concurrence. *Rooney v. Michael,* 84 Ala. 585; *Pollard v. Amer. F. L. M. Co.,* 103 Ala. 289.

The execution of a note by a *femme covert* under Code of 1886, is the execution of a power, and it must be done particularly as the statute requires. Her name must be signed to it, the husband might give his consent by signing a different writing; but the wife must sign the note. Here only the husband signs the note with his own name. Persons dealing with the agent were charged with notice of his authority. They knew that before (under our law) she could be bound by a note, her name must in some manner appear upon it; they knew even then that the husband must consent in writing, and when plaintiff accepted the note, he accepted it with full knowledge that it did not bind Mary P. Stephenson, the wife.—*Scott v. Cotten,* 91 Ala. 628.

HEAD, J.—The substance of plaintiff's position is that Mrs. Stephenson, a married woman, carried on a mercantile business by her husband, J. T. Stephenson, as her agent, who, in the conduct of the business, purchased plaintiff's goods and executed the note sued on, signing it "J. T. Stephenson, agent;" and that by reason of thus holding out her husband as her agent, and inducing the public to deal with him, as such, in the belief that he was duly authorized to bind her, under which conditions plaintiff dealt with him, she is estopped to deny his authority, and cannot plead her coverture when sued upon contracts so made by him. In other words, that a married woman may make binding contracts by orally appointing an agent to make them generally, and having him to make them in her behalf. The position is, manifestly, in direct contravention of the statute. It would seem needless to repeat what we have frequently said, that, under the statute, a married

woman cannot bind herself by a contract to pay money unless she makes it in writing, with the written assent of the husband, except that with the consent of the husband, given and recorded in a prescribed manner, she may contract in the pursuit of a lawful trade or business. In this case, there was no written obligation on the part of the wife, nor written assent of the husband; nor was there the assent of the husband recorded as required to enable her to carry on business. All persons must take notice of the legal disabilities of married women, and deal with her at the peril of ascertaining that the legal conditions exist which relieve her of them.

The replication to the pleas to which the trial court sustained a demurrer was bad, and the demurrer properly sustained.

The special replication, on which issue was joined, was not sustained, and the court properly gave the general charge for the defendant.

The record of the chancery decree, purporting to remove the marital disabilities of Mrs. Stephenson, does not affirmatively show the jurisdictional facts, that she was possessed of a separate estate, that her petition was in writing, nor the consent of the husband in writing, or proof by deposition as in chancery cases. The decree, therefore, on its face, unaided by any further record, is of no validity.

Affirmed.